MR. JUSTICE GULBRANDSON,
concurring in part and dissenting in part:
I concur with the holding of the majority opinion that the state and other governmental entities are immune from exemplary and punitive damages and that noneconomic damages are recoverable, but I respectfully dissent from the holding that section 2-9-104, MCA, is, in its entirety, unconstitutional.
That holding, in my opinion, is somewhat gratuitous inasmuch as section 2-9-104(1) (b), MCA, was not raised or argued before the District Judge. Counsel for plaintiff, in his reply brief below, filed February 25, 1982, stated: “Plaintiffs damages are, for all intents and purposes, noneconomic.” Section 2-9-104(1)(b), setting a limit on the recovery for economic damages at $300,000 for each claimant and $1 million for each occurrence, was not, therefore, properly before the District Court.
By constitutional amendment, the legislature was clearly given authority to structure governmental immunity by two-thirds vote of each house. The legislature, in setting the limits at $300,000 and $1 million and in devising the post-judgment procedures (2-9-104(2)), apparently was balancing the concept of ideal justice and the need for fiscal security, necessary for governmental entities to, in fact, provide obligatory services to the public. The Wisconsin Supreme Court, in Sambs v. City of Brookfield (1980), 97 Wis.2d 356, 293 N.W.2d 504, used the following language to describe the problem.
“It is the legislature’s function to evaluate the risk, the ex *373 tent of exposure to liability, the need to compensate citizens for injury, the availability of and cost of insurance, and the financial condition of the governmental units. It is the legislature’s function to structure the statutory provisions, which will protect the public interest in reimbursing the victim and in maintaining government services and which will be fair and reasonable to the victim and at the same time will be realistic regarding the financial burden to be placed on the taxpayers.”
The obligations imposed upon governmental entities must be performed, even though the risks inherent in performing absolute obligations are great. The responsibility for confining, housing, and rehabilitation of persons convicted of criminal activity; the treatment and supervision of mental patients at government institutions or under government programs; the planning, construction, and maintenance of thousands of miles of highways; the operation of municipal transportation systems and airport terminals; and the operation and maintenance of schools, playgrounds, and athletic facilities are only a few of those obligations.
Section 2-9-104(2), now declared unconstitutional by the majority, contains language limiting the exposure of insurers. Undoubtedly, there are insurance contracts in existence, which now should be rewritten to provide coverage for the unlimited liability facing governmental entities.
In my view, this Court could, and should, find that the $300,000 and $1 million limits apply to economic and noneconomic losses, and that the post-judgment procedures for excess judgments should be retained, because those procedures include entities other than the legislature.